EDWARD W. LUKAS, JR., State Bar No. 155214
HARRINGTON, FOXX, DUBROW & CANTER, LLP
535 N. Brand Blvd. Suite 800
Glendale, California 91203
Telephone (213) 489-3222
Facsimile (213) 623-7929
E-mail:  elukas@hfdclaw.com


Glenn E. Forbis (Pro Hac Vice pending)
Scott E. Yackey (Pro Hac Vice pending)
Jeremiah J. Foley (Pro Hac Vice pending)
HARNESS, DICKEY & PIERCE, PLC
5445 Corporate Drive, Suite 200
Troy, MI  48098
Telephone: (248) 641-1600
Email:  gforbis@harnessip.com
        syackey@harnessip.com
        jfoley@harnessip.com

Attorneys for Plaintiff VEER GEAR LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEER GEAR LLC, a Georgia Limited Liability Corporation, | Case No. |
| Plaintiff, | **COMPLAINT** |
| | **[DEMAND FOR JURY TRIAL]** |
| vs. | |
| | § |
| OLYMPIA TOOLS INTERNATIONAL, INC. d/b/a COHO OUTDOORS, | |
| Defendants. | |

1

Plaintiff Veer Gear LLC ("Veer Gear" or "Plaintiff"), by and through their undersigned counsel, for their Complaint against Defendant Olympia Tools International, Inc. d/b/a Coho Outdoors ("Olympia" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

This is a patent infringement, copyright infringement, trade dress infringement and unfair competition action arising out of Defendant Olympia's unauthorized and willful infringement of: (i) Veer Gear's U.S. Patent Numbers 9,242,663 and 11,760,399 (collectively, the "Patents-in-Suit," attached as **Exhibits A and B**, respectively), (ii) Veer Gear's Copyright Registration No. TX0009513299 (attached as **Exhibit C**), and (iii) Veer Gear's trade dress, and related state law claims, based upon Defendant's unauthorized manufacture, use, offer for sale, sale, and/or importation of Defendant Olympia's infringing Pack-N-Stroll Premium Folding Wagon.

Veer Gear brings this suit not only to protect its valuable intellectual property, but to protect children that could be seriously injured or harmed by using or riding in Defendant Olympia's infringing Pack-N-Stroll Premium Folding Wagon. Defendant Olympia's Pack-N-Stroll Premium Folding Wagon is a wolf in sheep's clothing: it infringes upon the Patents-in-Suit and is a confusingly similar knock-off of Veer Gear's Cruiser wagons and the trade dress thereof, but it lacks safety features and certifications of Veer Gear's Cruiser wagons and does not meet the safety standards that Veer Gear's Cruiser wagons meet. As such, Defendant Olympia's Pack-N-Stroll Premium Folding Wagon is not only likely to cause consumer confusion, but serious physical harm and injury to consumers and children.

## THE PARTIES

1.    Plaintiff Veer Gear, LLC is a limited liability corporation organized and existing under the laws of the statue of Georgia and has its principal place of

2

business at 95 Colonial Lane, Milton, GA 30004.

2.    Upon information and belief, Defendant Olympia Tools International, Inc. is a California Corporation with a place of business located at 929 N. Grand Avenue, Covina, California 91724. Upon information and belief, Defendant Olympia's place of business is located within Los Angeles County, California.

3.    Upon information and belief, Defendant Olympia is a distributor, marketer, importer, seller, and retailer of private label and branded products such as storage solutions, tools, workbenches, tumblers, and at issue here—wagons. Defendant is a competitor to Veer Gear.

4.    Upon information and belief, Defendant Olympia imports, markets, distributes, and sells products to customers located throughout the United States and in this judicial district.

## JURISDICTION AND VENUE

5.    This action arises out of Defendant Olympia's complicit and unlawful acts constituting patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*, trade dress infringement and unfair competition in violation of the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"), violation of the California Unfair Business Practices Act (Cal. Bus. & Prof. Code § 17200 *et seq.*), and violations of the common law of the State of California.

6.    This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331, 1332(a), and 1338(a). This Court has subject matter jurisdiction over the state claims under 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7.    Personal jurisdiction exists over Defendant Olympia because its principal place of business is in California, and in this judicial district.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

8.      Venue is proper in this judicial district at least under 28 U.S.C. §§
1391(b)-(c) because a substantial part of the events or omissions giving rise to the
claims alleged occurred in this judicial district and 28 U.S.C. § 1400(b) because
Defendant Olympia has a regular and established place of business in this judicial
district and committed acts of infringement in this judicial district.

## BACKGROUND

### Veer Gear

9.      Veer Gear is an innovative designer and manufacturer of the first all-
terrain stroller-wagon crossover that combines the safety of a premium stroller
with the fun of a rugged wagon. Veer Gear has sold and currently sells multiple
all-terrain stroller-wagon crossover models, under the Veer trademarks "All-
Terrain Cruiser," "Cruiser City," "All-Terrain Cruiser XL," and "Cruiser City XL"
(collectively, the "Cruiser Wagons").

10.     Veer Gear's Cruiser Wagons embody the spirit of a wagon and invite
exploration and adventure. With Veer Gear's Cruiser Wagons, kids can get out and
explore for a while, or friends can climb aboard to join the ride. Veer Gear's
Cruiser Wagons incorporate collapsible walls and a folding handle that allow the
Cruiser Wagons to be folded for easy storage and transport.

11.     Veer Gear designs its Cruiser Wagons—and markets them—for use
by families for transporting their children. Veer Gear has expended significant
resources into ensuring that its Cruiser Wagons are safe for carrying children. For
example, Veer Gear's Cruiser Wagons: (i) include harnesses to strap children into
the Cruiser Wagons to prevent children from falling out, (ii) include automatic
locking handles that prevent the handle from hitting a child in the head or crushing
their hands between the handle and the seat, (iii) eliminate finger
pinch/crush/entrapment points, (iv) do not include any lead, which is prohibited in
juvenile products, (v) do not include PFAS in their sidewall fabrics, which is
prohibited in juvenile products. Veer Gear's Cruiser Wagons meet or exceed

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

American Society for Testing and Materials (ASTM) and Canadian Federation of Construction Safety Associations Certificate of Recognition (COR) safety standards and are Juvenile Products Manufacturers Association (JPMA) Certified.

### Veer Gear's Patents-in-Suit

12.    United States Patent No. 9,242,663, entitled "Wagon with Minimized-Play Collapsible Wall" ("the '663 Patent") was duly issued by the United States Patent and Trademark Office ("USPTO") on January 26, 2016. A true and correct copy of the '663 Patent is attached as **Exhibit A**.

13.    The '663 Patent is assigned to and owned by Plaintiff Veer Gear.

14.    Each of Veer Gear's Cruiser Wagons practice the invention claimed in the '663 Patent.

15.    United States Patent No. 11,760,399, entitled "Wagon with Footwell and Handle" ("the '399 Patent") was duly issued by the USPTO on September 19, 2023. A true and correct copy of the '399 Patent is attached as **Exhibit B**.

16.    The '399 Patent is assigned to and owned by Plaintiff Veer Gear.

17.    Each of Veer Gear's Cruiser Wagons practice the invention claimed in the '399 Patent.

### Veer Gear's Copyright

18.    Veer Gear has created user guides for its Cruiser Wagons. Veer Gear provides these user guides to purchasers of the Cruiser Wagons in the packaging of the Cruiser Wagons. Veer Gear also makes its user guides available to the public at the following publicly accessible website: https://support.goveer.com/en-US/articles/cruiser-124394.

19.    In particular, Veer Gear has publicly posted the user guide for the Veer Cruiser at the following publicly accessible website: https://support.goveer.com/en-US/cruiser-477489 ("the Cruiser User Guide"). A true and correct copy the Cruiser User Guide is attached as **Exhibit D**.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

20.    Additionally, Veer Gear has registered its copyrights in the user guides it created for its Cruiser Wagons. In particular, Veer Gear obtained and owns the U.S. Copyright Registration No. TX0009513299 for "Cruiser User Guide" with an effective date of June 25, 2025 ("the Cruiser User Guide Copyright"). A copy of the registration certificate for the Cruiser User Guide Copyright is attached as **Exhibit C**.

21.    Veer Gear owns all rights in and to the Cruiser User Guide Copyright, which constitutes original and copyrightable subject matter under the U.S. Copyright Act.

22.    Veer Gear has complied with all relevant requirements of the U.S. Copyright Act with respect to the Cruiser User Guide Copyright.

### Veer Gear's Trade Dress

23.    Since at least as early as 2014, Veer Gear has continuously engaged in the design, development, manufacture, promotion, and/or sale of its Cruiser Wagons, including, for example, its "All-Terrain Cruiser," "Cruiser City," "All-Terrain Cruiser XL," and "Cruiser City XL."

24.    Veer Gear has extensively and continuously promoted and used the designs of its Cruiser Wagons in the United States and California. Through that extensive and continuous promotion and use, Veer Gear's designs have become a well-known indicator of the origin and quality of Veer Gear's Cruiser Wagons. Veer Gear's designs also have acquired substantial secondary meaning in the marketplace. Veer Gear owns common law trade dress rights relating to the designs of its Cruiser Wagons.

25.    In view of Veer Gear's extensive and continuous use of the design of Veer Gear's Cruiser Wagons, consumers have come to associate the design of Veer Gear's Cruiser Wagons as a source identifier of Veer Gear, and Veer Gear owns trade dress rights in the design of Veer Gear's Cruiser Wagons.

26.    Veer Gear also has common law trade dress rights relating to the

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

designs of its Veer Gear's Cruiser Wagons. Veer Gear has enjoyed significant sales of its Veer Gear's Cruiser Wagons throughout the United States, including sales to customers in the State of California. Veer Gear has invested significant resources in the design, development, manufacture, advertising, and marketing of its Cruiser Wagons. The designs and features of Veer Gear's Cruiser Wagons have received widespread and unsolicited public attention. For example, the Cruiser Wagons have been featured in numerous newspaper, magazine, and Internet articles.

27.    The designs of Veer Gear's Cruiser Wagons have distinctive and non-functional features that identify to consumers that the origin of the wagons is Veer Gear. As a result of at least Veer Gears's continuous and exclusive use of the designs of the Cruiser Wagons, Veer Gear's marketing, advertising, and sales of the Cruiser Wagons, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, Veer Gear owns common law trade dress rights in the designs and appearances of the Cruiser Wagons, which consumers have come to uniquely associate with Veer Gear.

**[REMAINDER OF PAGE BLANK]**

7

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

28.    Exemplary images of Veer Gear's Cruiser Wagons are shown below:

| Exemplary Images of Veer Gear's Cruiser Wagons | |
|---|---|
| **Veer Gear's All-Terrain Cruiser** | **Veer Gear's Cruiser City** |
|  |  |
| **Veer Gear's All-Terrain Cruiser XL** | **Veer Gear's Cruiser City XL** |
| |  |

29.    Veer Gear's trade dress in the overall look, design, and appearance of its Cruiser Wagons is non-functional and has become identified in the market as originating with Veer Gear: the design and appearance of the downward angular sloping top rail of the sidewalls, where the top rail includes a horizontal central portion ("Design Element 1"); the design and appearance of the brightly colored

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

spoke of the wheels ("Design Element 2"); the color contrast between the spoke of the wheels and the remainder of the Cruiser Wagons ("Design Element 3"); the forward and rearwardly angled vertical end rails of the sidewalls, which form a V-shape (evoking the "V" in "Veer") ("Design Element 4"); the placement of the rectangular Veer label on the sidewall on an angle immediately forward of the rear end rail of the sidewalls ("Design Element 5"); the forward and rearward angled front and rear lower cross members, respectively, where the front and rear lower cross members each include a straight central portion ("Design Element 6"); and the particularized combination of all these design elements ("the Cruiser Wagon Trade Dress"). *See* **Exhibit E**. These aesthetic design elements serve no purpose other than for identification; they do not yield a utilitarian advantage. There are myriad alternative designs available in the wagon industry—as evidenced by various other wagon designs from various other companies—none of which require copying or imitating these aesthetic design elements. Veer Gear does not advertise a utilitarian advantage of these design elements. Moreover, these aesthetic design features are not relatively simple or inexpensive to manufacture; rather, for example, the angled top rails of the sidewalls, the forward and rearwardly angled vertical end rails of the sidewalls, and the angled front and rear lower cross members are more difficult and costly to manufacture as compared to straight rails and cross members.

### General Allegations – Defendant Olympia's Unlawful Acts

30.    Defendant Olympia has purposefully designed, advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to design, advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, wagon products that violate Veer Gear's rights, including Vear Gear's patent rights, Vear Gear's copyright rights, and Vear Gear's trade dress rights. Defendant Olympia's infringing Pack-N-Stroll Premium

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Folding Wagon (hereinafter, the "Pack-N-Stroll Wagon") is a confusingly similar knock-off of Veer Gear's Cruiser Wagons.

31.     Defendant Olympia purposefully advertised, marketed, promoted, offered for sale, sold, and distributed, and continues to advertise, market, promote, offer for sale, sell, and distribute its infringing Pack-N-Stroll Wagon through one of Olympia's principal websites (http://www.cohooutdoors.com/), and specifically at         https://cohooutdoors.com/collections/frontpage/products/pack-n-stroll-premium-folding-wagon.

32.     An exemplary image of Olympia's infringing Pack-N-Stroll Wagon is shown below:

| Olympia's Infringing Pack-N-Stroll Wagon |
| --- |



*(See also*
https://cohooutdoors.com/cdn/shop/files/QQ_20250604102236_1024x1024@2x.
jpg?v=1749003755)

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

(https://cohooutdoors.com/cdn/shop/files/QQ_20250604102242_1024x1024@2x
.jpg?v=1749003870)

### **Defendant's Infringement of the Patents-in-Suit**

33.    Defendant Olympia's design, advertisement, marketing, promotion, offer for sale, sale, distribution, manufacture, and/or importation of the Pack-N-Stroll infringes upon Veer Gear's '663 Patent and '399 Patent.

34.    Upon information and belief, Defendant Olympia has and continues to make, use, import, offer to sell and/or sell in the United States a wagon with a collapsible wall, namely the Pack-N-Stroll Wagon, as illustrated by the pictures and description in the attached **Exhibit F**.

35.    Defendant Olympia is put on notice of its infringement of the '663 Patent and '399 Patent by way of the filing and service of this Complaint.

### **Defendant's Infringement of the Veer Gear's Copyright**

36.    Upon information and belief, Defendant Olympia has and has had access to Veer Gear's Cruiser User Guide because the Cruiser User Guide is publicly available at https://support.goveer.com/en-US/cruiser-477489 and is provided to purchasers of Veer Gear's Cruiser Wagons in the packaging of the Cruiser Wagons.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

37.    Upon information and belief, Defendant Olympia reproduced, or caused to be reproduced, displayed, and distributed infringing copies of the Cruiser User Guide ("the Pack-N-Stroll Manual Copy"). A true and correct copy the Pack-N-Stroll Manual Copy is attached as **Exhibit G**. Defendant's Pack-N-Stroll Manual Copy is substantially similar to Veer Gear's protected and copyrighted Cruiser User Guide, as shown in the attached **Exhibit H**. Just two examples of the substantial similarities between Veer Gear's protected and copyrighted Cruiser User Guide and Defendant's Pack-N-Stroll Manual Copy are shown below:

| Veer Gear's Cruiser User Guide | Defendant Olympia's Pack-N-Stroll Manual Copy |
|---|---|
| **Time for a Check-Up**<br><br>The Cruiser requires routine user maintenance.<br><br>• Regularly check all connecting hardware (rivets, screws, etc.) for tightness and security. Inspect brake, wheels and tires and replace or repair as necessary.<br>• Check all safety devices, locks and harnesses for correct and secure operation. Never continue to use a product that is structurally unsound.<br>• Only Veer replacement parts should be used. It may be unsafe to use parts supplied by another manufacturer.<br>• Contact customer service with any repair or maintenance questions at behappy@goveer.com. | TIME FOR A CHECK-UP<br>The wagon requires routine user maintenance.<br>• Regularly check all connecting hardware (rivets, screws, etc.) for tightness and security. Inspect brake, wheels and tires and replace or repair as necessary.<br>• Check all safety devices, locks and harnesses for correct and secure operation. Never continue to use a product that is structurally unsound.<br>• Only Pack-N-Stroll replacement parts should be used. It may be unsafe to use parts supplied by another manufacturer.<br>• Contact customer service with any repair or maintenance questions at oti@olympiatools.com. |
| **02. INSTALL SAFETY FENDERS**<br><br>When looking at the Cruiser with the handle closest to your body, there is a left and right side. Fenders are coded "L" and "R". Make sure tab at the bottom of the fender locks securely in open slot in rear axle mount. | **02. INSTALL SAFETY FENDERS**<br>When looking at the wagon with the handle closest to your body, there is a left and right side. Fenders are coded "L" and "R". Make sure tab at the bottom of the fender locks securely in open slot in rear axle mount.<br> |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF





38.    The egregiousness of Defendant's copying is shown at least in its flagrant copying of the original "Time for a Check-Up" phrasing in Veer Gear's Cruiser User Guide for performing maintenance on Defendant's Pack-N-Stroll Wagon. *See* Exhibit H at 6. Not only did Defendant copy this heading, but it also copied from Veer Gear's Cruiser User Guide the language "Check all safety devices, locks and harnesses for correct an secure operation," even though Defendant's Pack-N-Stroll Wagon has no child safety harnesses. *See id*.

39.    As another example of copying, Defendant Olympia also copied from Veer Gear's Cruiser User Guide the language "Place on a hard and flat surface when storing in a standing position," even though Defendant's Pack-N-Stroll Wagon cannot be stored in a standing position. *See* Exhibit H at 13.

40.    Veer Gear became aware that Defendant Olympia reproduced, displayed, and distributed the Pack-N-Stroll Manual Copy on or about June 6, 2025.

**Defendant Olympia's Infringement of the Veer Gear's Trade Dress**

41.    Upon information and belief, Defendant Olympia has and continues

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

to make, use, import, offer to sell and/or sell in the United States a wagon, namely the Pack-N-Stroll Wagon, embodying Veer Gear's Cruiser Wagon Trade Dress as illustrated below and by the pictures and description in the attached **Exhibits F, G, and I**.

42.     Placed side-by-side with Veer Gear's Cruiser wagon, it is clear that Defendant's Pack-N-Stroll Wagon is a knock-off of Veer Gear's Cruiser Wagons, and Defendant Olympia is thereby attempting to trade upon the goodwill tirelessly built by Veer Gear:

| Veer Gear's All-Terrain Cruiser | Infringing Pack-N-Stroll Wagon |
| --- | --- |
|  |  |

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

43.    Veer Gear used its trade dress extensively and continuously before Defendant Olympia began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing its infringing products. Moreover, Veer Gear's trade dress became famous and acquired secondary meaning in the United States and in the State of California generally and in geographic areas in California before Defendant Olympia commenced its unlawful use of Veer Gear's trade dress.

### Safety Concerns with Defendant's Pack-N-Stroll Wagon

44.    Defendant Olympia's infringement of Veer Gear's patents, copyright, and the Cruiser Wagon Trade Dress not only harms Veer Gear, but it can also have a detrimental safety impact to consumers and children that purchase and use Defendant's Pack-N-Stroll Wagon.

45.    As noted above, Veer Gear's Cruiser Wagons are safe for use with children, include numerous safety features, meet ASTM and COR safety standards, and are JPMA Certified. However, upon information and belief, Defendant's Pack-N-Stroll Wagon lacks the safety features of Veer Gear's Cruiser Wagons, does not meet ASTM and COR safety standards, and is not JPMA Certified. Consumers will likely be confused into believing that Defendant's knock-off Pack-N-Stroll Wagon—with its copy of Veer Gear's Cruiser Wagon Trade Dress—possesses the same safety features, standards, and certifications as Veer Gear's Cruiser Wagons when it does not. Thus, Defendant's infringement can also lead to injuries to babies and children based on consumer confusion around the level of safety of Defendant's knock-off Pack-N-Stroll Wagon.

46.    For example, Defendant's Pack-N-Stroll Wagon lacks any type of harness to secure children in the Pack-N-Stroll Wagon. As such, children riding therein could easily fall out and sustain injuries.

47.    Upon information and belief, Defendant's Pack-N-Stroll Wagon has faulty brakes that fail in the locked or unlocked position. Upon information and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

belief, consumers of Defendant's Pack-N-Stroll Wagon have reported that—when the brakes fail in the locked position—they have had to destroy the brakes to make the Pack-N-Stroll Wagon mobile. When failing in the unlocked position, the brakes are not functional. Such faulty brakes could lead to a condition where children are riding in Defendant's Pack-N-Stroll Wagon that rolls away unintendedly and/or uncontrollably, which could lead to serious injury or death.

48. Additionally, Defendant's Pack-N-Stroll Wagon has a handle that can be manually locked or automatically locked. When in the manual locking mode, the handle of Defendant's Pack-N-Stroll Wagon can be easily pushed against the seat, where it can hit a seated child in the head and/or crush their hands between the handle and the seat.

49. Defendant's Pack-N-Stroll Wagon includes various pinch points— such as on the hinges of the sidewalls—in which a child could get their fingers pinched, crushed, and/or entrapped, causing injury to the child.

50. Upon information and belief, Defendant's Pack-N-Stroll Wagon includes lead, which is not permitted in juvenile products.

51. Upon information and belief, Defendant's Pack-N-Stroll Wagon has PFAS in the fabrics of the sidewalls, which is not permitted in juvenile products.

52. Consequently, Defendant Olympia's Pack-N-Stroll Wagon—being a confusingly similar knock-off of Veer Gear's Cruiser Wagons and its copy of Veer Gear's Cruiser Wagon Trade Dress—is likely to cause not only consumer confusion, but physical harm and injury to consumers and children further damaging Veer Gear's goodwill.

## **COUNT I**

### **(Infringement of U.S. Patent No. 9,242,663)**

53. Veer Gear incorporates by reference and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

54.    As described below, in violation of at least 35 U.S.C. § 271(a), Defendant Olympia infringes and/or has infringed, directly or indirectly, and literally or under the doctrine of equivalents, at least claim 1 of the '663 Patent by importing, making, using, offering to sell, and/or selling products accused of infringing the '663 Patent in the United States without a license or permission from Veer Gear, including and without limitation the Pack-N-Stroll Wagon (the "Accused Product").

55.    Defendant Olympia's Pack-N-Stroll Wagon directly infringes the '663 Patent under 35 U.S.C. § 271(a) because the Pack-N-Stroll Wagon possesses each and every element of at least one claim of the '663 Patent, including by way of example only (and not limiting with respect to the number or identity of claims of the '663 Patent that will be asserted in this case), independent claim 1, as set forth below and in the claim chart attached as **Exhibit J**:

      a.  The Pack-N-Stroll Wagon is a wagon for cargo;

      b.  The Pack-N-Stroll Wagon includes a base;

      c.  The Pack-N-Stroll Wagon includes at least first and second walls that extend generally upright from the base in a use position to help hold the cargo, wherein the second wall is movably mounted to the base and moves relative to the base between the upright use position and a storage position collapsed into a compact arrangement; and

      d.  The Pack-N-Stroll Wagon includes a minimized-play feature including at least one ramped surface on one of the first and second walls, an interference between the first and second walls, and a resilient deflection feature of the first wall, wherein when the second wall is moved from the collapsed storage position toward the upright use position, the first and second walls interfere with each other, the ramped surface of the first or second wall slidingly engages the other one of the first and second walls to generate a lateral displacement

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

force, the first wall is resiliently displaced generally laterally by the lateral displacement force as permitted by the resilient deflection feature to provide clearance for the second wall to move into the upright use position, and the resilient displacement of the first wall generates a compression force on the second wall in the upright use position so that the first and second walls are held together tightly under pressure to prevent wiggling relative to each other.

56.    To the extent that one or more of the elements of any asserted claim of the '663 Patent is not literally present in the Pack-N-Stroll Wagon, then such element is present in the Pack-N-Stroll Wagon under the doctrine of equivalents because the corresponding feature in the Pack-N-Stroll Wagon performs substantially the same function, in substantially the same way, to obtain substantially the same result as the claimed element and because there would be insubstantial differences between the claimed element and the corresponding feature in the Pack-N-Stroll Wagon.

57.    Therefore, Defendant Olympia has and continues to directly infringe at least one claim of the '663 Patent.

58.    Veer Gear has been damaged as a result of the infringing conduct by Defendant Olympia alleged above. Thus, Defendant Olympia is at least liable to Veer Gear in an amount that compensates Veer Gear for such infringement, which by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

59.    Defendant Olympia's infringement of Veer Gear's '663 Patent has caused, and will continue to cause, Veer Gear to suffer substantial and irreparable harm unless Defendant is enjoined by this Court pursuant to 35 U.S.C. § 283.

60.    Defendant Olympia has been on notice of and has had actual knowledge of the '663 Patent and its infringement of the '663 Patent since at least as early as the service of this Complaint.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

61.     Upon information and belief, Defendant Olympia had actual knowledge of the '663 Patent and its infringement of the '663 Patent much earlier than the service of this Complaint, including at least as early as during the design of the Pack-N-Stroll Wagon.

62.     Defendant Olympia's infringement of the '663 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Veer Gear's rights. Defendant's willful infringement entitles Veer Gear to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

63.     Accordingly, the nature of Defendant Olympia's infringement of the '663 Patent makes this case exceptional under 35 U.S.C. § 285.

64.     Veer has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '663 Patent.

## COUNT II

### (Infringement of U.S. Patent No. 11,760,399)

65.     Veer Gear incorporates by reference and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

66.     As described below, in violation of at least 35 U.S.C. § 271(a), Defendant Olympia infringes and/or has infringed, directly or indirectly, and literally or under the doctrine of equivalents, at least claim 23 of the '399 Patent by importing, making, using, offering to sell, and/or selling products accused of infringing the '399 Patent in the United States without a license or permission from Veer Gear, including and without limitation the Pack-N-Stroll Wagon.

67.     Defendant Olympia's Pack-N-Stroll Wagon directly infringes the '399 Patent under 35 U.S.C. § 271(a) because the Pack-N-Stroll Wagon possesses each and every element of at least one claim of the '399 Patent, including by way of example only (and not limiting with respect to the number or identity of claims

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

of the '399 Patent that will be asserted in this case), independent claim 23, as set forth below and in the claim chart attached as **Exhibit K**:

    a.  The Pack-N-Stroll Wagon is a wagon;

    b.  The Pack-N-Stroll Wagon includes at least one sidewall positionable in a use position and in a second position different from the use position;

    c.  The Pack-N-Stroll Wagon includes a bottom surface, wherein the at least one sidewall and the bottom surface together define a container;

    d.  The Pack-N-Stroll Wagon includes a footwell extending below a bottom surface of the container;

    e.  The Pack-N-Stroll Wagon includes a plurality of wheels removably coupleable to the wagon; and

    f.  The Pack-N-Stroll Wagon includes a handle positionable in a first position in which a handle lock mechanism locks the handle in the first position;

    g.  In the Pack-N-Stroll Wagon, the handle is positionable in a second position to facilitate pulling the wagon in which the handle lock mechanism is disengaged to permit the handle to rotate about a pivot point in the second position, and

    h.  In the Pack-N-Stroll Wagon, the handle lock mechanism is an automatic handle lock mechanism for automatically locking the handle in the first position.

68.    To the extent that one or more of the elements of any asserted claim of the '399 Patent is not literally present in the Pack-N-Stroll Wagon, then such element is present in the Pack-N-Stroll Wagon under the doctrine of equivalents because the corresponding feature in the Pack-N-Stroll Wagon performs substantially the same function, in substantially the same way, to obtain substantially the same result as the claimed element and because there would be

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

insubstantial differences between the claimed element and the corresponding feature in the Pack-N-Stroll Wagon.

69.     Therefore, Defendant Olympia has and continues to directly infringe at least one claim of the '399 Patent.

70.     Veer Gear has been damaged as a result of the infringing conduct by Defendant Olympia alleged above. Thus, Defendant Olympia is at least liable to Veer Gear in an amount that compensates Veer Gear for such infringement, which by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

71.     Defendant Olympia's infringement of Veer Gear's '399 Patent has caused, and will continue to cause, Veer Gear to suffer substantial and irreparable harm unless Defendant is enjoined by this Court pursuant to 35 U.S.C. § 283.

72.     Defendant Olympia has been on notice of and has had actual knowledge of the '399 Patent and its infringement of the '399 Patent since at least as early as the service of this Complaint.

73.     Upon information and belief, Defendant Olympia had actual knowledge of the '399 Patent and its infringement of the '399 Patent much earlier than the service of this Complaint, including at least as early as during the design of the Pack-N-Stroll Wagon.

74.     Defendant Olympia's infringement of the '399 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Veer Gear's rights. Defendant's willful infringement entitles Veer Gear to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

75.     Accordingly, the nature of Defendant Olympia's infringement of the '399 Patent makes this case exceptional under 35 U.S.C. § 285.

76.     Veer has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '663 Patent.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## **COUNT III**

### **(Copyright Infringement - 17 U.S.C. § 101, *et seq.*)**

77.   Veer Gear incorporates by reference and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

78.   Veer Gear is the owner of U.S. Copyright Registration TX0009513299 for the Cruiser User Guide, as shown in **Exhibit C**.

79.   The Cruiser User Guide is wholly original to Veer Gear and is copyrightable subject matter under 17 U.S.C. § 102(a)(1).

80.   Defendant Olympia had access to Veer Gear's Cruiser User Guide.

81.   Defendant's Pack-N-Stroll Wagon Manual (**Exhibit G**) is identical or substantially similar to Veer Gear's User Guide, as shown in **Exhibit H**.

82.   Defendant Olympia violated Veer Gear's exclusive right to reproduce the Cruiser User Guide under 17 U.S.C. §§ 106(1) and (2) by reproducing an identical copy and/or derivative of the Cruiser User Guide without authorization from Veer Gear.

83.   Defendant Olympia violated Veer Gear's exclusive right to distribute copies of the Cruiser User Guide under 17 U.S.C. § 106(3) by distributing the Pack-N-Stroll Manual Copy without authorization from Veer Gear.

84.   Defendant Olympia violated Veer Gear's exclusive right to distribute copies of the Cruiser User Guide under 17 U.S.C. § 106(5) by displaying the Pack-N-Stroll Manual Copy without authorization from Veer Gear.

85.   Based on the activities described above, including, for example, copying, reproducing, making, displaying, distributing, using, and/or preparing derivative works of Veer Gear's Cruiser User Guide—and doing so to help advertise, promote, offer for sale, sell, distribute, manufacture, and/or import its infringing products—Defendant Olympia has infringed Veer Gear's Cruiser User Guide Copyright in violation of at least 17 U.S.C. § 501.

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

86.    Upon information and belief, Defendant Olympia's infringement of Veer Gear's copyright is willful and deliberate.

87.    Each infringement by Defendant Olympia of Veer Gear's Cruiser User Guide Copyright constitutes a separate and distinct act of infringement.

88.    Defendant Olympia will continue its infringing conduct unless restrained by this Court.

89.    By its acts, Defendant Olympia has made substantial profits and gains to which it is not entitled in law or equity.

90.    Defendant's acts have damaged and will continue to damage Veer Gear. Veer Gear is entitled to recover its actual damages resulting from Defendant's uses of the Cruiser User Guide, as well as disgorgement of Defendant's profits, which amounts will be proven at trial.

91.    In the alternative, at Veer Gear's election, Veer Gear is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement.

92.    Veer Gear is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

93.    Defendant Olympia's conduct has caused and will cause irreparable injury to Veer Gear unless enjoined by this Court. Pursuant to 17 U.S.C. § 502, Veer Gear is entitled to a permanent injunction prohibiting infringement of Veer Gear's exclusive rights under copyright law.

## COUNT IV

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

94.    Veer Gear incorporates by reference and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

95.    This is a claim for trade dress infringement arising under 15 U.S.C. § 1125(a).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

96.   Veer Gear is the exclusive owner of all right, title, and interest in the Cruiser Wagon Trade Dress.

97.   The Cruiser Wagon Trade Dress has acquired distinctiveness and serves as a source identifier for Veer Gear's Cruiser Wagons among consumers. Upon information and belief, Defendant Olympia intended to copy Veer Gear's Cruiser Wagon Trade Dress to realize upon the secondary meaning of Veer Gear's Cruiser Wagon Trade Dress that was already in existence.

98.   Veer Gear's Cruiser Wagon Trade Dress is entitled to protection under the Lanham Act. Veer Gear's Cruiser Wagon Trade Dress includes unique, distinctive, and non-functional designs. Veer Gear has extensively and continuously promoted and used its Cruiser Wagon Trade Dress in the United States. Through that extensive and continuous use, Veer Gear's Cruiser Wagon Trade Dress has become a well-known indicator of the origin and quality of Veer Gear's products. Veer Gear's Cruiser Wagon Trade Dress has also acquired substantial secondary meaning in the marketplace and serves as a source identifier for Veer Gear's Cruiser Wagons among consumers. Moreover, Veer Gear's Cruiser Wagon Trade Dress acquired this secondary meaning before Defendant Olympia commenced its unlawful use of Veer Gear's Cruiser Wagon Trade Dress in connection with the infringing products.

99.   Defendant Olympia's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Pack-N-Stroll Wagon violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing Veer Gear's Cruiser Wagon Trade Dress. Defendant's use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendant Olympia with Veer Gear and as to the origin, sponsorship, and/or approval of the Pack-N-Stroll Wagon, at least by creating the false and misleading impression that the Pack-N-Stroll Wagon are manufactured by, authorized by, or otherwise

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

associated with Veer Gear.

100.   The foregoing unlawful acts have been and are being done without Veer Gear's permission or authorization, and in total disregard of Veer Gear's exclusive rights to control its intellectual property. There are myriad other designs in the wagon industry, none of which necessitate copying or imitating the Cruiser Wagon Trade Dress.

101.   Defendant Olympia's use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof—as shown for example herein and in **Exhibits F, G, and I**—has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Veer Gear for which Veer Gear has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Veer Gear's Cruiser Wagon Trade Dress, Veer Gear's products, and Veer Gear, in addition to diverted sales away from Veer Gear's Cruiser Wagons and to Defendant Olympia's infringing Pack-N-Stroll Wagon.

102.   Upon information and belief, Defendant Olympia knew or had reason to know of the Cruiser Wagon Trade Dress and Veer Gear's exclusive rights to use the same in commerce.

103.   Upon information and belief, Defendant Olympia's use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the infringing products to Veer Gear's Cruiser Wagon Trade Dress, Defendant's knowledge of Veer Gear's rights, and Defendant's continuing disregard for Veer Gear's rights.

104.   Veer Gear is entitled to injunctive relief, and Veer Gear is also entitled to recover at least Defendant's profits, Veer Gear's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## COUNT V

### (False Designation of Origin, Passing Off, & Federal Unfair Competition)

105.   Veer Gear incorporates by reference and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

106.   This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

107.   Veer Gear is the exclusive owner of all right, title, and interest in the Cruiser Wagon Trade Dress.

108.   The Cruiser Wagon Trade Dress has acquired distinctiveness and serves as a source identifier for Veer Gear's Cruiser Wagons among consumers. Upon information and belief, Defendant Olympia intended to copy Veer Gear's Cruiser Wagon Trade Dress to realize upon the secondary meaning of Veer Gear's Cruiser Wagon Trade Dress that was already in existence.

109.   Veer Gear's Cruiser Wagon Trade Dress is entitled to protection under the Lanham Act. Veer Gear's Cruiser Wagon Trade Dress includes unique, distinctive, and non-functional designs. Veer Gear has extensively and continuously promoted and used its Cruiser Wagon Trade Dress in the United States. Through that extensive and continuous use, Veer Gear's Cruiser Wagon Trade Dress has become a well-known indicator of the origin and quality of Veer Gear's products. Veer Gear's Cruiser Wagon Trade Dress has also acquired substantial secondary meaning in the marketplace and serves as a source identifier for Veer Gear's Cruiser Wagons among consumers. Moreover, Veer Gear's Cruiser Wagon Trade Dress acquired this secondary meaning before Defendant Olympia commenced its unlawful use of Veer Gear's Cruiser Wagon Trade Dress in connection with the infringing products.

110.   Defendant Olympia's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing Pack-N-Stroll Wagon, in direct competition with Veer Gear, violate § 43(a) of the Lanham

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because Defendant Olympia has obtained an unfair advantage as compared to Veer Gear through Defendant's use of Veer Gear's Cruiser Wagon Trade Dress and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Defendant's infringing Pack-N-Stroll Wagon, at least by creating the false and misleading impression that its infringing Pack-N-Stroll Wagon is manufactured by, authorized by, sponsored by, or otherwise associated with Veer Gear.

111.    Defendant Olympia's use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof—as shown for example herein and in **Exhibits F, G, and I**—without Veer Gear's consent, constitutes false designation of origin, false or misleading description of fact, false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of such entity with another entity, or as to origin, sponsorship, or approval of its goods or commercial activities by another entity in violation of 15 U.S.C. § 1125(a).

112.    Defendant Olympia's use of Veer Gear's Cruiser Wagon Trade Dress, without Veer Gear's consent, constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its products or commercial activities in violation of 15 U.S.C. § 1125(a).

113.    Defendant Olympia's use of Veer Gear's Cruiser Wagon Trade Dress, without Veer Gear's consent, constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, that Defendant and/or its products originate from, are sponsored or approved by, and/or are affiliated with Veer Gear, when they are not.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

114.    The foregoing unlawful acts have been and are being done without Veer Gear's permission or authorization, and in total disregard of Veer Gear's exclusive rights to control its intellectual property. There are myriad other designs in the wagon industry, none of which necessitate copying or imitating the Cruiser Wagon Trade Dress.

115.    Defendant Olympia's use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Veer Gear for which Veer Gear has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Veer Gear's Cruiser Wagon Trade Dress, Veer Gear's products, and Veer Gear, in addition to diverted sales away from Veer Gear's Cruiser Wagons and to Defendant's infringing Pack-N-Stroll Wagon.

116.    Upon information and belief, Defendant Olympia knew or had reason to know of the Cruiser Wagon Trade Dress and Veer Gear's exclusive rights to use the same in commerce.

117.    Upon information and belief, Defendant Olympia's use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the infringing products to Veer Gear's Cruiser Wagon Trade Dress, Defendant's knowledge of Veer Gear's rights, and Defendant's continuing disregard for Veer Gear's rights.

118.    Veer Gear is entitled to injunctive relief, and Veer Gear is also entitled to recover at least Defendant's profits, Veer Gear's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNT VI**

**(California Common Law Trade Dress Infringement)**

119.   Veer Gear incorporates by reference and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

120.   Veer Gear is the exclusive owner of all right, title, and interest in the Cruiser Wagon Trade Dress.

121.   The Cruiser Wagon Trade Dress has acquired distinctiveness and serves as a source identifier for Veer Gear's Cruiser Wagons among consumers. Upon information and belief, Defendant Olympia intended to copy Veer Gear's Cruiser Wagon Trade Dress to realize upon the secondary meaning of Veer Gear's Cruiser Wagon Trade Dress that was already in existence.

122.   Veer Gear's Cruiser Wagon Trade Dress is entitled to protection under the common law. Veer Gear's Cruiser Wagon Trade Dress includes unique, distinctive, and non-functional designs. Veer Gear has extensively and continuously promoted and used its Cruiser Wagon Trade Dress in the United States and the State of California. Through that extensive and continuous use, Veer Gear's Cruiser Wagon Trade Dress has become a well-known indicator of the origin and quality of Veer Gear's products. Veer Gear's Cruiser Wagon Trade Dress has also acquired substantial secondary meaning in the marketplace and serves as a source identifier for Veer Gear's Cruiser Wagons among consumers. Moreover, Veer Gear's Cruiser Wagon Trade Dress acquired this secondary meaning before Defendant Olympia commenced its unlawful use of Veer Gear's Cruiser Wagon Trade Dress in connection with the infringing products.

123.   Defendant Olympia's infringement of Veer Gear's Cruiser Wagon Trade Dress also constitutes trade dress infringement under the common law of the State of California.

124.   Defendant Olympia's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Pack-N-Stroll Wagon, in

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

direct competition with Veer Gear, constitute common law trade dress infringement, at least because Defendant's use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendant with Veer Gear and as to the origin, sponsorship, and/or approval of the Pack-N-Stroll Wagon, at least by creating the false and misleading impression that the Pack-N-Stroll Wagon are manufactured by, authorized by, or otherwise associated with Veer Gear.

125.    The foregoing unlawful acts have been and are being done without Veer Gear's permission or authorization, and in total disregard of Veer Gear's exclusive rights to control its intellectual property. There are myriad other designs in the wagon industry, none of which necessitate copying or imitating the Cruiser Wagon Trade Dress.

126.    Defendant Olympia's use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof—as shown for example herein and in **Exhibits F, G, and I**—has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Veer Gear for which Veer Gear has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Veer Gear's Cruiser Wagon Trade Dress, Veer Gear's products, and Veer Gear, in addition to diverted sales away from Veer Gear's Cruiser Wagons and to Defendant Olympia's infringing Pack-N-Stroll Wagon.

127.    Upon information and belief, Defendant Olympia knew or had reason to know of the Cruiser Wagon Trade Dress and Veer Gear's exclusive rights to use the same in commerce.

128.    Upon information and belief, Defendant Olympia's use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

the similarity of the infringing products to Veer Gear's Cruiser Wagon Trade Dress, Defendant's knowledge of Veer Gear's rights, and Defendant's continuing disregard for Veer Gear's rights.

129. Veer Gear is entitled to injunctive relief, and Veer Gear is also entitled to recover at least Veer Gear's damages, Defendant Olympia's profits, punitive damages, costs, and reasonable attorney fees.

## COUNT VII

**(California Unfair Competition – Cal. Bus. & Prof. Code § 17200 *et seq.*)**

130. Veer Gear incorporates by reference and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

131. By at least committing trade dress infringement—under the Lanham Act and the common law—as described above, Defendant Olympia has engaged in unlawful, unfair, and fraudulent business acts and practices.

132. Defendant Olympia's misappropriation and unauthorized use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof—as shown for example herein and in **Exhibits F, G, and I**—to promote the infringing Pack-N-Stroll Wagon is likely to confuse or mislead consumers into believing that the infringing Pack-N-Stroll Wagon is affiliated with and/or approved, authorized, licensed and/or sponsored by Veer Gear, constituting deceptive, unfair and fraudulent business practices and unfair competition in violation of California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 *et seq*.

133. Upon information and belief, Defendant Olympia's deceptive, unfair and fraudulent business practices were willfully undertaken with full knowledge of Veer Gear's Cruiser Wagon Trade Dress and with intent to misappropriate Veer Gear's goodwill and reputation established in its Cruiser Wagon Trade Dress.

134. Defendant Olympia's use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof—as shown for example herein and in **Exhibits F, G, and I**—has caused and, unless enjoined, will continue to cause substantial

31

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

and irreparable injury to Veer Gear for which Veer Gear has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Veer Gear's Cruiser Wagon Trade Dress, Veer Gear's products, and Veer Gear, in addition to diverted sales away from Veer Gear's Cruiser Wagons and to Defendant Olympia's infringing Pack-N-Stroll Wagon, and a corresponding drop in market share.

135. Veer Gear is entitled to all available relief provided under the California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 *et seq.*, including an accounting and disgorgement of all illicit profits that Defendant Olympia made on account of its deceptive, unfair and fraudulent business practices.

136. As Veer Gear has no adequate remedy at law, Veer Gear is entitled to injunctive relief enjoining Defendant Olympia from its unlawful acts.

## COUNT VIII

### (California Common Law Unfair Competition)

137. Veer Gear incorporates by reference and realleges the allegations contained in all of the preceding paragraphs as if fully set forth herein.

138. Veer Gear is the exclusive owner of all right, title, and interest in the Cruiser Wagon Trade Dress.

139. Veer Gear has spent substantial time, resources and effort in creating, designing, developing, marketing and selling the Cruiser Wagons that are embodiments of Veer Gear's Cruiser Wagon Trade Dress, which consumers recognize as originating exclusively from Veer Gear.

140. The Cruiser Wagon Trade Dress has acquired distinctiveness and serves as a source identifier for Veer Gear's Cruiser Wagons among consumers. Upon information and belief, Defendant Olympia intended to copy Veer Gear's Cruiser Wagon Trade Dress to realize upon the secondary meaning of Veer Gear's Cruiser Wagon Trade Dress that was already in existence.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

141.   Veer Gear's Cruiser Wagon Trade Dress is entitled to protection under the common law. Veer Gear's Cruiser Wagon Trade Dress includes unique, distinctive, and non-functional designs. Veer Gear has extensively and continuously promoted and used its Cruiser Wagon Trade Dress in the United States and the State of California. Through that extensive and continuous use, Veer Gear's Cruiser Wagon Trade Dress has become a well-known indicator of the origin and quality of Veer Gear's products. Veer Gear's Cruiser Wagon Trade Dress has also acquired substantial secondary meaning in the marketplace and serves as a source identifier for Veer Gear's Cruiser Wagons among consumers. Moreover, Veer Gear's Cruiser Wagon Trade Dress acquired this secondary meaning before Defendant Olympia commenced its unlawful use of Veer Gear's Cruiser Wagon Trade Dress in connection with the infringing products.

142.   Defendant Olympia's misappropriation and unauthorized use of Veer Gear's Cruiser Wagon Trade Dress to promote and sell the infringing Pack-N-Stroll Wagon also constitutes unfair competition in violation of common law of the State of California.

143.   Defendant Olympia's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Pack-N-Stroll Wagon, in direct competition with Veer Gear, constitute common law unfair competition, at least by palming off/passing off of Defendant's Pack-N-Stroll Wagon, by simulating Veer Gear's Cruiser Wagon Trade Dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin, sponsorship, and/or affiliation of Defendant's Pack-N-Stroll Wagon, and by creating the false and misleading impression that its Pack-N-Stroll Wagon are manufactured by, authorized by, or otherwise associated with Veer Gear. Defendant Olympia has also interfered with Veer Gear's business.

144.   Upon information and belief, Defendant Olympia introduced the infringing Pack-N-Stroll Wagon into the stream of commerce in order to exploit

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Veer Gear's goodwill and reputation established in the Cruiser Wagons and the Cruiser Wagon Trade Dress for Defendant's own financial and commercial gain.

145.  Defendant Olympia's unauthorized use of Veer Gear's Cruiser Wagon Trade Dress has resulted in Defendant unfairly benefitting from Veer Gear's goodwill and reputation established in the Cruiser Wagons and the Cruiser Wagon Trade Dress.

146.  The foregoing unlawful acts have been and are being done without Veer Gear's permission or authorization, and in total disregard of Veer Gear's exclusive rights to control its intellectual property. There are myriad other designs in the wagon industry, none of which necessitate copying or imitating the Cruiser Wagon Trade Dress.

147.  Defendant Olympia's use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof—as shown for example herein and in **Exhibits F, G, and I**—has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Veer Gear for which Veer Gear has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Veer Gear's Cruiser Wagon Trade Dress, Veer Gear's products, and Veer Gear, in addition to diverted sales away from Veer Gear's Cruiser Wagons and to Defendant Olympia's infringing Pack-N-Stroll Wagon, and a corresponding drop in market share.

148.  Upon information and belief, Defendant Olympia knew or had reason to know of the Cruiser Wagon Trade Dress and Veer Gear's exclusive rights to use the same in commerce.

149.  Upon information and belief, Defendant Olympia's use of Veer Gear's Cruiser Wagon Trade Dress and/or colorable imitations thereof has been intentional, willful, and malicious. Defendant's bad faith is evidenced at least by the similarity of the infringing products to Veer Gear's Cruiser Wagon Trade

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Dress, Defendant's knowledge of Veer Gear's rights, and Defendant's continuing disregard for Veer Gear's rights.

150.    Veer Gear is entitled to injunctive relief, and Veer Gear is also entitled to recover at least Veer Gear's damages, Defendant's profits, punitive damages, costs, and reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Veer Gear, LLC respectfully prays for relief as follows:

A.    Enter judgment that Defendant Olympia has: (i) infringed the '663 Patent in violation of 35 U.S.C. § 271; (ii) infringed the '399 Patent in violation of 35 U.S.C. § 271; (iii) infringed Veer Gear's Cruiser User Guide Copyright in violation of 17 U.S.C. § 501; (iv) infringed Veer Gear's Cruiser Wagon Trade Dress in violation of 15 U.S.C. § 1125(a); (v) engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (vi) violated Veer Gear's common law rights in Veer Gear's Cruiser Wagon Trade Dress; (vii) engaged in unfair competition and false designation of origin in violation of California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 *et seq*.; (viii) engaged in common law unfair competition; and (ix) been unjustly enriched at Veer Gear's expense, and that all of these wrongful activities by Defendant Olympia was intentional, willful, and malicious.

B.    An injunction against further infringement of Veer Gear's trade dress, further infringement of Veer Gear's copyrights, further infringement of Veer Gear's patents, and further acts of unfair competition, misappropriation, and unjust enrichment by Defendant Olympia, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

manufacturing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of Veer Gear's patents, copyrights, and/or trade dress, pursuant to at least 35 U.S.C. § 283, 17 U.S.C. § 502, 15 U.S.C. § 1116, and California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17203.

C.    An Order directing Defendant Olympia to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

D.    An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of Veer Gear's patents, copyrights, and/or trade dress in Defendant Olympia's possession or control, (iii) all means of making the infringing products in Defendant's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Defendant's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

E.    An Order directing Defendant Olympia to publish a public notice providing proper attribution of Veer Gear's patents and trade dress to Veer Gear, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

F.    An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § § 1125(b);

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

G.    An award of Defendant Olympia's profits, Veer Gear's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. § §§ 1114(1), 1125(a), 1125(c), 1116, and 1117;

H.    An award of Veer Gear's actual damages and/or Defendant Olympia's profits, or in the alternative statutory damages under, and costs pursuant to 17 U.S.C. § 504(b) or 17 U.S.C. § 504(c), and § 505;

I.     An award of damages adequate to compensate Veer Gear for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, and/or an award of Defendant Olympia's profits from its patent infringements pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant to 35 U.S.C. §§ 284 and 285;

A.    For a judgment awarding Veer Gear any other damages to which it is entitled under statute or common law; and

B.    For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Veer Gear LLC hereby demands a trial by jury.

Dated:  August 8, 2025          HARRINGTON, FOXX, DUBROW & CANTER, LLP


By: /s/ Edward W. Lukas, Jr.
EDWARD W. LUKAS, JR.
*Local Counsel for Plaintiff*
VEER GEAR, LLC

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Dated:  August 8, 2025                    HARNESS, DICKEY & PIERCE PLC


                                          By:/s/ Glenn E. Forbis_____
                                             GLENN E. FORBIS *(PHV pending)*
                                             SCOTT E. YACKEY *(PHV pending)*
                                             JEREMIAH J. FOLEY *(PHVice pending)*
                                             Attorneys for Plaintiff VEER GEAR, LLC

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF